Mr. Justice Jones,
dissenting. While concurring in so much o-f the opinion of Mr. Associate Justice Woods as overrules the first, second, third and fifth exceptions, I think that the fourth exception should also be overruled, and the judgment below affirmed.
*77 3 *76 The rule governing reversal of a judgment for improper argument by the solicitor for the State is thus stated in *77 State v. Williamson, 65 S. C., 248: “It is undoubtedly the duty of the Circuit Court, when appealed to, to repress any flagrant breach by counsel of the rules governing fair and legitimate argument, and for manifest abuse of discretion in this regard from, which it was probable that defendant was prejudiced, this Court would set aside the verdict.”
A careful examination of the record does not convince me that the Circuit Judge abused his discretion in declining to interfere with the argument of the solicitor in the particular mentioned. It appears at folio 66 of the “Case,” that the testimony excluded by the Court was defendant’s confession before Mr. Morris in the council meeting, folio 26, et seq.3 and before the magistrate, folios 61, 65; but the remarks of the solicitor had no reference whatever to such excluded confessions. It was on Tuesday night, previous to the council meeting and the examination before the magistrate, when the defendant pointed out the place where the stolen watch had been secreted. There was no evidence that on this occasion defendant made any confession beyond what might be inferred from knowledge of the place where the stolen watch was hidden; on the contrary, it appeared in evidence, at folio 40, that he denied having broken into the house, and at folio 34, he denied any knowledge of the matter when asked to get the watch. Now, when defendant on the trial sought to explain how he come to know the hiding place of the watch, viz: that he was informed of it by the house servant of Mrs. Morrow, I think it was perfectly legitimate argument in behalf of the prosecution to call the jury’s attention to1 the absence of any such explanation by defendant when he disclosed where the watch was hidden, a time when such explanation, if true, would naturally be given.
At any rate, I fail to see such a clear case of abuse of discretion on the part of the Circuit Judge as would justify a reversal of the judgment.